# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FARMERS PROPERTY and
CASUALTY INSURANCE COMPANY
f/k/a Metropolitan Property
and Casualty Insurance
Company,

    Plaintiff,

    v.

CLARENCE HOWARD LEAVY IV;
AMANDA and LARRY CORNELIUS,
as Guardians to Minor Child
Jane Doe;

    Defendants.

CASE NO. 2:24-CV-21

## ORDER

Before the Court is Defendant Clarence Leavy's motion to dismiss. Dkt. No. 21. The motion has been fully briefed and is ripe for review. Dkt. Nos. 27, 30, 32, 36, 37. The Court heard oral argument on January 8, 2025. Dkt. No 35. For the reasons set forth below, the Court **DENIES** Defendant's motion at this time.

## I.    Factual Background    BACKGROUND

This suit involves Farmers Property & Casualty Insurance Company ("Farmers"), a Rhode Island corporation that is authorized to issue insurance policies in Georgia, Amanda and Larry Cornelius who are residents of Glynn County, Georgia, and Clarence Howard

Leavy IV, who is also a resident of Glynn County, Georgia. Dkt. No. 17 ¶¶ 2-5. On November 29, 2023, the Corneliuses filed suit ("underlying suit") against Defendant Leavy, Sean Mooney, and One Stop 44 (a convenience store) in the Superior Court of Glynn County. Id. ¶ 10; see also Dkt. No. 18-1. This federal action arose because Farmers filed a complaint requesting a declaratory judgment that it is not required to defend or indemnify Defendant Leavy in the underlying suit. Dkt. Nos. 1, 17.

## A. The Underlying Lawsuit

In the underlying suit, the Corneliuses allege that on December 31, 2021, Jane Doe, a fifteen-year-old who was in the tenth grade at Glynn Academy, a local high school, attended a party thrown by Defendant Leavy's son at the Leavy home. Dkt. Nos. 17 ¶ 11, 18-1 ¶¶ 7, 12. Jane Doe went to the party with her friend who was dating a boy in the twelfth grade at Frederica Academy, another local school. Dkt. No. 18-1 ¶ 9. Sean Mooney was good friends with Doe's friend's boyfriend and went with the group as well. Id. ¶ 12.

The underlying complaint alleges that on the way to the party, the teens stopped at a convenience store to buy alcohol, though they were not of legal drinking age. Id. Mooney purchased two drinks for Jane Doe. Id. According to the Corneliuses' complaint, during the party at the Leavy's home, Defendant Leavy was present and knew the minors were drinking alcohol. Id. ¶ 13. The teenagers

2

became intoxicated and, at one point in the night, Mooney took Jane Doe to a bedroom in the Leavy Home. Dkt. No. 17 ¶¶ 14–15. The complaint alleges that while in the bedroom, Mooney "kissed and 'sexually tried to do more with' Jane Doe." Id. ¶ 15. Jane Doe insisted Mooney stop, and she resisted him as he got on top of her. Id. Jane Doe does not remember the sexual encounter with Mooney and may have "blacked out." Id. ¶¶ 16–17.

The Corneliuses allege that at some point after the incident with Mooney, Jane Doe realized she had missed text messages from her mom and her friend. Dkt. No. 18-1 ¶ 19. She "stumbled downstairs" and was crying as she passed Defendant Leavy, but he did not do anything. Id. One of Jane Doe's friends saw she was upset and took her into a bathroom to see what was wrong. Id. ¶ 20. In the bathroom, Jane Doe facetimed several friends and said that Mooney had raped her. Id. ¶ 21. Jane Doe continued drinking after this and became increasingly intoxicated. Id. ¶ 22. The next morning, Mooney messaged Jane Doe and suggested that she purchase a Plan B oral abortion pill. Id. ¶ 24. According to the complaint, this confirmed to Jane Doe that she had been raped. Id. Mooney and the friend's boyfriend drove Jane Doe and her friend to CVS where Jane Doe purchased and took a Plan B pill. Id. ¶ 26. In February 2022, Jane Doe told her counselor about the rape. Id. ¶ 28. She did not tell her parents, the Corneliuses, until fall of 2022. Id. ¶ 29.

**B. The Declaratory Judgment Action**

Defendant Leavy holds a Homeowners Insurance Policy and Excess Insurance Policy with Farmers. Dkt. Nos. 17 ¶ 23, 17-3. Currently, Farmers is providing a defense to Defendant Leavy in the underlying lawsuit pursuant to a full reservation of rights. Dkt. No. 17 ¶ 22. Farmers seeks a declaration that it has no duty to defend and indemnify Defendant Leavy under these policies in the underlying state action. See generally id.

Farmers issued a Homeowners Policy (No. 5263622630) to Defendant Leavy for the period February 21, 2021 to February 21, 2022. Id. ¶ 23. The premises covered under the policy is the Leavy Home, and the policy provides personal liability coverage with a limit of $300,000. Id. ¶¶ 24-25. A "covered loss" under the personal liability provision includes "all sums for bodily injury, property damage and personal injury to others for which the law holds you responsible because of an occurrence to which this coverage applies. . . ." Dkt. No. 17-2 at 32. It also provides that the insurance agreement does not cover "**bodily injury** or **personal injury** caused by or resulting from the actual, alleged or threatened sexual molestation or contact. . . of a person. This exclusion applies whether the **bodily injury** is inflicted by **you** or directed by **you** for another person to inflict sexual molestation or contact. . . upon a person." Id. at 36 (emphasis in original).

4

The Excess Liability Policy (No. 1925323330) pays "sums in excess of the retained limit for damages to others caused by an occurrence" that the insured is held responsible for, and to which the policy applies.[1] Dkt. No. 17-3 at 7. The policy explicitly states that sexual molestation of a person does not constitute a personal injury under the policy. Id. at 10-11.

## II.   Procedural Background

Farmers filed this action for declaratory relief on February 12, 2024, in response to the underlying lawsuit brought by the Corneliuses against Defendant Leavy and others in state court. Dkt. No. 1. An amended complaint was filed on July 25, 2024; the complaint from the underlying suit was attached to it as an exhibit. Dkt. Nos. 17, 18-1. On August 1, 2024, Defendant Leavy filed a motion to dismiss.[2] Dkt. No. 21. Farmers responded to the motion to dismiss on August 30, 2024, and Leavy replied on

---

[1] The Excess Liability Policy provided coverage for the relevant time period—from May 10, 2021 to May 10, 2022. Dkt. No. 27 at 7.
[2] Leavy's motion is titled a motion to dismiss, but the parties frame their arguments in the context of a motion for judgment on the pleadings. The Court declines to construe the motion as one for judgment on the pleadings because not all the responsive pleadings have been filed. That is, Defendant Leavy has not yet filed an answer to the amended complaint. Thompson v. Regions Security Servs., Inc., 67 F.4th 1301, 1305 (11th Cir. 2023) (When "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law," then judgment on the pleadings may be appropriate. (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001))).

September 13, 2024. Dkt. Nos. 27, 30. Farmers filed a surresponse on September 26, 2024, dkt. no. 32, Leavy filed a surreply on January 9, 2025, dkt. no. 36, and Farmers filed a surresponse on January 13, 2025, dkt. no. 37.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016).

The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The Court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Lastly, exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, documents attached to a motion to dismiss can be considered by the Court without converting it into a motion for summary judgment as long as the attachment is "(1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Felt, 304 F.3d 1125, 1134 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994) (holding that an exhibit to the complaint was "part of the pleadings" so "the 12(b)(6) motion was not converted to a motion for summary judgment"). "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley, 204 F.3d at 1134. Farmers' amended complaint includes the complaint from the underlying suit, the Homeowners Policy, and the Excess Policy. See Dkt. Nos. 17-2, 13-3, 18-1. These are central to Farmers' claim because whether it has a duty to defend depends on the language of the underlying complaint. Hoover v. Maxum Indem. Co., 730 S.E.2d 413, 407–08 (Ga. 2012). Further, no party has challenged the authenticity of any of these documents.

## DISCUSSION

The suit arises out of Farmers' request for declaratory relief finding that it has no duty to defend and indemnify Defendant Leavy under the Homeowner's Policy. Dkt. No. 17 ¶ 41. Leavy moved to dismiss Farmers' complaint because, in Georgia, "[i]f the facts as alleged in the complaint even arguably bring the occurrence within

the policy's coverage, the insurer has a duty to defend the action." Hoover, 730 S.E.2d at 407-08 (quotation and citation omitted).

## I.   The Notice Provision is Adequately Pled.

Under Georgia law, "[i]t is well established that a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." Federated Mut. Ins. Co. v. Ownbey Enter., Inc., 627 S.E.2d 917, 919 (Ga. Ct. App. 2006) (quoting Plantation Pipeline Co. v. Royal Indem. Co., 537 S.E.2d 165, 169 (Ga. Ct. App. 2000)); see also Forshee, 711 S.E.2d at 31; S.e. Express Sys. v. S. Guaranty Ins. Co. of Ga., 482 S.E.2d 433, 436 (Ga. Ct. App. 1997). "Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, then the insurer is not obligated to provide either a defense or coverage." Ownbey Enter., Inc., 627 S.E.2d at 919 (alteration adopted).

The Homeowners Policy in this case contains a notice condition stating that Farmers has "no obligation to provide coverage" if the insured fails to comply with the duty to "promptly" notify the company or its representative, in writing of, *inter alia*, "the date, place and circumstances of the accident." Dkt. No. 17-2 at 39. The Excess Policy contains a notice condition that states the insured "must" notify Farmers "as soon as practicable of an occurrence that may be covered" by the policy. Dkt. No. 17-3 at 9.

Defendant Leavy argues that Farmers failed to adequately plead that he breached the notice provisions of the Homeowners and Excess Policies. Dkt. Nos. 21 at 17, 30 at 13-14. While it is true that Leavy may be able to show that appropriate notice was given, that is not the issue at this early stage. At this phase, Farmers only needs to set forth enough information, accepted as true, to support that its right to relief is more than speculative. Twombly, 550 U.S. at 555. Put differently, although Defendant Leavy may wish for Farmers to include more "detailed factual allegations" in its complaint, it is not required to do so. Twombly, 550 U.S. at 555. Farmers satisfies its burden by including a thorough factual discussion of the allegations in the underlying suit, detailing that it did not receive notice of "an occurrence that may result in a claim" until roughly one year after Defendant Leavy learned of it and more than twenty-one months after it occurred, and citing the pertinent contract language from both policies.[3] Dkt. Nos. 17 ¶¶ 10-37, 46-47, 54-55, 17-2 at 39, 17-3 at 9. These facts, accepted as true, are sufficient to support the allegation that Defendant Leavy failed to satisfy the notice requirement under

---

[3] The Excess Policy only kicks in to provide coverage "in excess of the retained limit for damages to others caused by an occurrence" to which the policy applies. Dkt. No. 17-3 at 7. In other words, for the Excess Policy to provide coverage, Leavy must be liable for an "occurrence" under the Homeowners Policy, his liability must exceed the coverage limits of the Homeowners Policy, and the conduct for which Leavy is liable must be an "occurrence" under the Excess Policy, as well.

either policy. See, e.g., Caldwell v. State Farm Fire & Cas. Ins. Co., 385 S.E.2d 97, 99–100 (Ga. Ct. App. 1989) (holding that notice was not timely when defendant "knew of the incident for approximately nine to ten months before State Farm was notified" and the insurance policy required written notice of occurrence "as soon as practicable"); Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc., 209 S.E.2d 6, 8 (Ga. Ct. App. 1974) (finding that notice was not timely when given to the insurer approximately four months after the occurrence and written notice of occurrence was required "as soon as practicable"); Owens v. Progressive Premier Ins. Co. of Ill., 878 S.E.2d 101, 103 (Ga. Ct. App. 2022) (holding that a delay of one year and one day was unreasonable when a policy required the insured to "promptly" report an accident).

The details that Defendant Leavy argues Farmers should have pled, such as when Defendant learned of the incident giving rise to the underlying suit or the circumstances surrounding Defendant's awareness of the incident, dkt. nos. 21 at 17, 30 at 14, consist of facts that Defendant Leavy will have an opportunity to set forth during the case. Farmers is not required to include facts in its pleadings that, at this stage of the proceedings, are lodged with the policyholder. Instead, that is a task that our legal system reserves for discovery. See Hickman v. Taylor, 329 U.S. 495, 501 (1947) (explaining discovery "as a device for ascertaining the facts, or information as to the existence or

whereabouts of facts, relative to those issues" subject to litigation).

The actual merits of whether Defendant Leavy's delay in giving notice excuses Farmers from any duty to defend is properly addressed at a later stage of litigation after discovery provides a chance for factual development. See Progressive Mountain Ins. Co. v. Bishop, 790 S.E.2d 91, 95 (Ga. Ct. App. 2016) (collecting cases and stating that "[i]n cases in which a policy's notice provision gives no specific time frame, there is no bright-line rule on how much delay is too much"). Defendant Leavy's motion to dismiss Farmers' complaint is, therefore, **DENIED.**

## II.   Addressing Defendant's Remaining Arguments Would be Premature.

Defendant Leavy also argues that Farmers' declaratory judgment action should be dismissed because the complaint in the underlying lawsuit does not unambiguously preclude coverage under the policies. Dkt. No. 21 at 6. Specifically, Defendant Leavy argues that the underlying lawsuit includes claims for an "occurrence" and "injury" as defined by the Homeowners Policy, and that the Abuse Exclusion in the Homeowners Policy does not bar coverage. Id. at 6–17. Because the notice provision in both the Homeowners and Excess policies constitutes a condition precedent to coverage, it would be premature for the Court to address these arguments. If Defendant Leavy failed to give notice to Farmers in

accordance with the terms of each policy, then Farmers has no duty

to defend Leavy in the underlying suit. Conversely, if notice was

properly given, then the question about the duties owed to

Defendant Leavy remain. Accordingly, the Court declines to rule on

these arguments at this time.[4]

### CONCLUSION

Accepting the facts in the complaint as true, the Court

concludes that Farmers adequately pled that Defendant Leavy failed

to give proper notice of the alleged occurrence. Because providing

timely notice is a condition precedent to coverage, the Court

declines to address any additional arguments until discovery on

the notice issue has been completed. Defendant's motion to dismiss,

dkt. no. 21, is **DENIED.**

**SO ORDERED** this 16th day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Because the Court holds that it is premature to address Farmers'
duty to defend, it is also too soon to assess Farmers' duty to
indemnify. Dkt No. 21 at 19; see also Am. Fid. & Cas. Co. v. Penn.
Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th
Cir. 1960) (stating that, in a declaratory judgment action,
questions about a duty to defend were "a real and present
controversy" while questions about a duty to indemnify "sought a
declaration on a matter which might never arise"); see also Bonner
v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)
(adopting as binding precedent all decisions of the former Fifth
Circuit handed down prior to close of business on September 30,
1981).